IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP et al., <br><br> Defendants. | No. 1:25-cv-527 (JEB) |

### DEFENDANTS' UNOPPOSED MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)(1)

Defendants President Donald J. Trump, United States DOGE Service (USDS), United States DOGE Service Temporary Organization, and Amy Gleason (collectively, the "Defendants"), by and through undersigned counsel, respectfully move for relief from the requirement under Local Civil Rule 7(n)(1) to file a certified list of the contents of the administrative record ("AR Index") simultaneously with the filing of Defendants' motion to dismiss. Defendants respectfully request that the Court waive the requirement to file the certified AR Index concurrently with Defendants' motion to dismiss because Defendants' motion does not rely on an administrative record. Pursuant to Local Civil Rule 7(m), counsel for Defendant conferred with counsel for Plaintiff, who indicated that Plaintiff has no objection to the relief requested in this motion.

The grounds for the instant motion are as follows:

1. Local Civil Rule 7(n) states:

    In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer

to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

2.     On its face, Local Civil Rule 7(n) appears to impose this requirement on any dispositive motion, even one to dismiss under Federal Rule of Civil Procedure 12(b) that does not rely on an administrative record. Defendants have concurrently filed such a motion to dismiss the Amended Complaint in this case that relies exclusively on the allegations of the Amended Complaint, publicly available legal authorities, judicially noticeable material, and material incorporated by reference in the Amended Complaint.

3.     However, Local Civil Rule 7(n) also indicates that it is meant to aid in the decision of a dispositive motion that relies on an administrative record. *See* LCvR 7(n)(1) (requiring "an appendix containing copies of those portions of the administrative record that are cited or otherwise *relied upon* in any memorandum in support of or in opposition to any dispositive motion" (emphasis added)). The comment to the Local Civil Rule further notes that "[t]his rule is intended to assist the Court in cases involving a voluminous record." Cmt. to LCvR 7(n). Defendants' motion to dismiss does not cite to or otherwise rely on the administrative record, so the justification behind Local Civil Rule 7(n) does not apply at this juncture.

4.     Courts in this District have recognized that Local Civil Rule 7(n) does not apply where a plaintiff's suit "complains of agency *inaction* rather than agency *action*." *Sharifymoghaddam v. Blinken*, No. 1:23-CV-1472-RCL, 2023 WL 8047007, at *1 (D.D.C. Nov. 17, 2023) (citing *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 50 n.6 (D.D.C. 2021)). To the extent Plaintiff's claims seek to compel Defendants to take action—as Claims Two and Four of the Amended Complaint do—the Rule therefore does not apply at all.

5.     In any event, the Court should waive any applicable requirement in Local Civil Rule 7(n) under the circumstances here. The D.C. Circuit has long recognized that a court can

resolve claims at the motion to dismiss stage without the administrative record where the record is not germane to the issues presented in the motion. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266–67 (D.C. Cir. 2001) (rejecting argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss). Accordingly, "the general practice in this Court" is to waive Local Civil Rule 7(n) when "the administrative record is not necessary for [the court's] decision." *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2002); *see also, e.g.*, *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (waiving compliance with Local Civil Rule 7(n) "because the Court need not consider the administrative record in evaluating the motions before it"); *Carroll v. DOL*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (deeming failure to file a certified list under the LCvR 7(n) "immaterial" to resolution of a motion to dismiss where the motion turns solely on the complaint and documents attached to the complaint); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Civil Rule 7(n) in case challenging agency action when dispositive motion at issue raised only threshold jurisdiction and failure-to-state-a-claim arguments).

6. Defendants' motion to dismiss does not cite to or rely on an administrative record, or any documents beyond the Amended Complaint, publicly available legal authorities, judicially noticeable material, and material incorporated by reference in the Amended Complaint. An administrative record is therefore unnecessary to resolve the threshold issues presented in the motion, which include whether judicial review under the APA is available when Plaintiff's claims impermissibly seek broad programmatic relief, and whether relief under the APA is barred pursuant to 5 U.S.C. § 704 because an adequate remedy is available under the Freedom of Information Act's cause of action. Moreover, Defendant's motion calls into question the Court's

subject matter jurisdiction, particularly over Plaintiff's Mandamus Act claims. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (where a court lacks subject matter jurisdiction, the "only function remaining to the court is that of announcing the fact and dismissing the cause"). Defendants thus respectfully request that the Court waive the requirement in Local Civil Rule 7(n) to "file a certified list of the contents of the administrative record . . . simultaneously with the filing of" their Rule 12(b) motion.

      A proposed order is enclosed for the Court's convenience.

Dated:  July 17, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

4