UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-527 (JEB) |
| DONALD J. TRUMP, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS</u>**

Defendants, while filing a motion to dismiss in this lawsuit alleging violations of the Federal Records Act ("FRA"), simultaneously seek a stay of this proceeding based on a discovery dispute pending in another lawsuit, *Citizens for Responsibility and Ethics in Washington ("CREW") v. USDS*, et al., No. 25-cv-511 (D.D.C.). Both cases raise the issue of USDS's agency status—in the *CREW* case under the FOIA and here under the FRA—but unlike the *CREW* case, where the plaintiff sought discovery after the Defendants moved for summary judgment, here USDS has also filed a motion to dismiss essentially arguing the Court should resolve all pending claims based solely on the record before it and not supplemented by any discovery.

Plaintiff Project On Government Oversight, Inc. ("POGO") reluctantly concedes that a stay may be warranted given the overall posture of the *CREW* case and the recent rulings of the Supreme Court in that case. Once the courts in the *CREW* case have finally resolved the question of the appropriate parameters for discovery from USDS, that ruling will bind all other cases in which similarly situated plaintiffs seek discovery from USDS to resolve the question of its

agency status. Facts adduced in that discovery likely will form the record in not only the *CREW* case but in all other cases alleging USDS is an agency, including this one. Given the reality of the situation, a stay seems appropriate.

POGO notes, however, that a stay raises the very serious risk that USDS will never be held publicly accountable for its actions. Given the Supreme Court's directive that the *CREW* case be stayed pending the final disposition of the petition for certiorari, the plaintiff in CREW is likely months away from even commencing discovery. Further, once discovery concludes merits briefing also will likely consume many months with no assurance on when a final, non-appealable decision will issue. Regardless of the outcome on the merits of USDS's agency status, USDS will have achieved a considerable victory by delaying for months, if not years, any obligation to preserve records under the FRA, subject to oversight by NARA and the courts. The government's apparent tactic of running out the clock has been aided, in part, by a Supreme Court all too willing to shield the Executive from the consequences of its action. Yet, sadly, this is the state of affairs POGO finds itself in and so must reluctantly withhold its opposition to the requested stay.

POGO further requests that it the Court does not stay this proceeding it be given four weeks from the date of the Court's ruling on the stay to file its opposition to the motion to dismiss.

                                                                  Respectfully submitted,

                                                                   */s/ Anne L. Weismann*
                                                                   Anne L. Weismann
                                                                   D.C. Bar No. 298190
                                                                   5335 Wisconsin Avenue, N.W. Suite 640
                                                                   Washington, D.C. 20015
                                                                   (301) 717-6610
                                                                   weismann.anne@gmail.com

Dated: July 18, 2025